IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

04 MAR 19 PH 3:06

U.S. DISTRICT COURT
N.D. OF ALABAMA

| | | |
|---|---|---|
| JERRY BODIE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION NUMBER: |
| v. | ) | |
| | ) | CV-02-C-2838-W |
| THE PURDUE PHARMA COMPANY, | ) | |
| PURDUE PHARMA L.P., | ) | |
| PURDUE PHARMA INC., | ) | |
| PURDUE FREDERICK COMPANY, | ) | |
| THE P.F. LABORATORIES, INC. | ) | |
| ABBOTT LABORATORIES, | ) | |
| ABBOTT LABORATORIES, INC., | ) | |
| | ) | |
| Defendants. | ) | |

**MOTION TO QUASH AMENDED CROSS-NOTICE OF
THE CONTINUATION OF THE DEPOSITION OF
NON-PARTY WITNESS, KAREN WHITE**

COMES NOW a non-party witness in the above-styled matter, KAREN WHITE (hereinafter referred to as "Ms. White"), by and through her undersigned counsel of record, and pursuant to Rule 30(d)(2) of the Federal Rules of Civil Procedure, hereby requests this Court to enter an Order quashing the Amended Cross-Notice of the continuation of her deposition filed by Defendants, Purdue Pharma, L.P., Purdue Pharma, Inc., The Purdue Pharma Company, and The Purdue Frederick Co. (hereinafter collectively referred to as the "Purdue Defendants"). As grounds therefore, Ms. White states as follows:

1. That on December 17, 2003, Karen White, a non-party witness in the above-styled matter, was deposed by counsel for all parties in Tampa, Florida. (Deposition Transcript of Karen White, attached to Ms. White's Memorandum of Law in Support of Motion to Quash as Exhibit



"A").

2. That Ms. White's deposition took place in one day and lasted for seven (7) hours and ten (10) minutes. Id. at 1. The deposition transcript consists of 261 pages. Id.

3. That counsel for the Purdue Defendants voluntarily ended their examination of Ms. White despite being given numerous opportunities by Ms. White and other counsel to continue and complete the deposition on that day. Id. at 196-97, 202-03, 257, 259-60. This is reflected most notably by the statements of Ms. White at her deposition:

| | |
|---|---|
| Mr. McCallum: | The witness - - does the witness still maintain that she's available and ready to continue? |
| The Witness: | I'm available to continue until midnight tonight. It is 6:10 p.m. right now. |

(Id. at 260).

Note also the statements of Ms. White's attorney, Melissa Mihok:

| | |
|---|---|
| Ms. Mihok: | I'll say my position. This is Melissa Mihok for the plaintiff. We will object to any further depositions. We're here, we're ready. She doesn't want to take another day off work. She's already been here all day for almost six hours answering questions, so we would like to go forward. And, as I say, we will object to another deposition. |

(Id. at 203).

4. That on March 8, 2004, the Purdue Defendants submitted an Amended Cross-Notice of the Continuation of the Deposition of Karen White, seeking to re-examine Ms. White on April 9, 2004. (Amended Cross-Notice of Deposition, attached to Ms. White's Memorandum of Law in Support of Motion to Quash as Exhibit "B").

5. That the re-examination of Ms. White should not go forward for several reasons:

2

(A) Any extension of Ms. White's examination beyond one day is a violation of Rule 30(d)(2) of the Federal Rules of Civil Procedure, which limits depositions to one day of seven hours. FED. R. CIV. P. 30(d)(2);

(B) There has been no agreement between counsel under Rule 30(d)(2) to extend the deposition beyond one day. In fact, the Rule 26 planning agreement limits depositions to a maximum of eight (8) hours only and does not provide for depositions of non-plaintiffs to go beyond one day. (Rule 26 Report, attached to Ms. White's Memorandum of Law in Support of Motion to Quash as Exhibit "C");

(C) The Purdue Defendants have not sought an Order from this Court pursuant to Rule 30(d)(2) requiring Ms. White to re-sit for a deposition;

(D) Even if the Purdue Defendants had complied with Rule 30(d)(2) and requested such an Order, Purdue cannot show "good cause to justify such an order" or that an additional day should be allowed under Rule 26(b)(2), because counsel for the Purdue Defendants voluntarily ended their examination of Ms. White, despite being given numerous opportunities by Ms. White and her counsel to complete the deposition on that same day. (Deposition of Ms. White, pp. 196-97, 202-03, 257, 259-60); and

(E) Requiring Ms. White and her attorney to re-sit for a deposition will pose a serious inconvenience.

6. That Ms. White further relies upon the attached Memorandum of Law in Support of her Motion to Quash filed contemporaneously herewith.

WHEREFORE, PREMISES CONSIDERED, non-party witness, KAREN WHITE, respectfully requests this Honorable Court to enter an Order quashing the Purdue Defendants' Amended Cross-Notice of the Continuation of the Deposition of Karen White.

_____
CHAMP LYONS, III (ASB-0355-Y80C)
Attorney for non-party witness, Karen White

**OF COUNSEL:**
CHAMP LYONS, III, P.C.
2201 Arlington Avenue S.
Birmingham, AL 35205
(205) 933-5112 telephone
(205) 933-5114 facsimile

4

**CERTIFICATE OF SERVICE**

    I hereby certify that I have served the foregoing by placing a copy of the same in the United States Mail, first-class postage prepaid and addressed to their regular mailing address, on the __19th__ day of __MARCH__ 2004, to the following:

Harlan I. Prater, IV, Esq.
Melody L. Hurdle, Esq.
Lightfoot, Franklin & White, LLC
The Clark Building
400 20th Street North
Birmingham, Alabama 35203

Lee E. Bains, Esq.
Lorrie L. Hargrove, Esq.
Maynard, Cooper & Gale, P.C.
1901 Sixth Avenue North
2400 AmSouth/Harbert Plaza
Birmingham, Alabama 35203

Phillip W. McCallum
James M. Terrell
2201 Arlington Avenue South
Birmingham, Alabama 35205
(205) 939-0199

Charles A. McCallum, III
R. Brent Irby
2062 Columbiana Road
Birmingham, Alabama 35216
(205) 824-7767

OF COUNSEL

5