**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION**

JERRY BODIE,

                      Plaintiff,

vs.

THE PURDUE PHARMA COMPANY;
PURDUE PHARMA L.P.; PURDUE
PHARMA INC.; PURDUE FREDERICK
COMPANY; THE P.F. LABORATORIES,
INC.; ABBOTT LABORATORIES;
ABBOTT LABORATORIES, INC.;

                      Defendants.

CV-02-C-2838-W

---

### PURDUE PHARMA L.P.'S RESPONSE TO NON-PARTY WITNESS KAREN WHITE'S MOTION TO QUASH AND REQUEST FOR AN ORDER UNDER RULE 30(D)(2) GRANTING ADDITIONAL TIME TO COMPLETE THE DEPOSITION OF KAREN WHITE

**COMES NOW** Purdue Pharma L.P. (hereinafter "Purdue") and moves this Court to deny

non-party witness Karen White's (hereinafter "Ms. White") Motion to Quash Purdue's Amended

Cross-Notice of the Continuation of the Deposition of Karen White. Additionally, Purdue moves

this Court to order additional time to complete this deposition under Fed. R. Civ. P. 30(d)(2) for

a period of at least four (4) hours on April 9, 2004, as its continuation is required "for a fair

examination of the deponent."

### INTRODUCTION

Ms. White is a former sales representative for Purdue and a resident of Tampa, Florida.

The plaintiff's counsel in <u>Bodie</u>, Phillip W. McCallum, issued a notice and subpoena for the



deposition of Ms. White in this case.[1]  In order to accommodate both the witness and counsel for

the various parties, the deposition was commenced in Tampa on December 17, 2003.

The deposition was not concluded on December 17, 2003, for several reasons, none of

which is related to any improper conduct by Purdue.  The deposition did not start until 11:00

a.m., because Mr. McCallum took most of the morning meeting with the witness, and the

deposition involved eighteen attorneys representing a total of over 23 parties in the White, Ard

and Bodie cases.  Mr. McCallum first questioned the witness for almost two hours, soliciting

testimony at one point that Ms. White had a "plethora" of Purdue documents in her possession

that she had not produced.  See Karen White Deposition, 123:21 – 126:3 (hereinafter "White

Dep.").  He then suggested a lunch break that lasted approximately another hour (until 1:40

p.m.), see White Dep., 78: 9-12, and plaintiffs' counsel did not tender the witness to counsel

representing the 21 defendants until 3:00 p.m., see id., 257: 12-14.  Purdue counsel then

questioned Ms. White until approximately 6:10 p.m., at which time, in light of (1) the scope of

Ms. White's testimony on direct examination by Mr. McCallum, (2) the "plethora" of Purdue

documents that had not been produced, and (3) the fact that other defense counsel had additional

questions, the deposition was adjourned at the defendants' request.  Purdue has noticed the

conclusion of Ms. White's deposition in both Bodie and Ard  on April 9, 2004, in Tampa, to

which only the Bodie plaintiff and an attorney in Alabama for Ms. White (who first appeared to

file Ms. White's motion to quash on March 19, 2004) have objected.

---

[1] Ms. White has an employment discrimination case pending against Purdue, White v.
Purdue Pharma, L.P., et al., Case No. 8-03-CV-1799-T-26 MSS, in the United States District
Court for the Middle District of Florida, Tampa Division.  Her deposition was noticed in both
Bodie and by plaintiff's counsel in Jack Ard, et al. v. Purdue Pharma, LP, et al., Case No. 02-CP-
18-1756, in the Common Pleas Court of Dorchester County, South Carolina, another products
liability case.  Accordingly, this response will refer at times to each case, White, Bodie and Ard.

Fundamental fairness requires that the motion to quash be denied, and Purdue requests that the Court order the completion of Ms. White's deposition pursuant to Rule 30(d)(2) of the Federal Rules of Civil Procedure, because "additional time consistent with Rule 26(b)(2) i[s] needed for a fair examination of the deponent." Fed. R. Civ. P. 30(d)(2). Despite the parties' best efforts, due to the over 23 parties and at least eighteen attorneys involved, the deposition has not been concluded, and *no party or its attorney* (including even Ms. White's Alabama counsel and plaintiff's counsel in Bodie) has objected to the April 9, 2004, session due to a scheduling conflict.[2] Moreover, the Purdue documents in Ms. White's possession related to her testimony (which turned out to be *four boxes* worth), see White Dep., 123:14-20, have now been produced, and Purdue should be allowed to question her about them.

Moreover, the motion to quash is belied by Ms. White's own actions, as the April 9, 2004, date and location did not simply fall from the sky. Regardless of the rhetoric expressed at the close of the session on December 17, 2003, as quoted in the motion to quash, *Purdue's counsel in the White case has arranged with Ms. White's Florida counsel to conclude the deposition in Tampa on April 9, 2004, to accommodate Ms. White's work schedule.* In fact, the deposition is not starting until 3:00 p.m. EST to avoid a conflict with Ms. White's current employment responsibilities. See Affidavit of David I. Spector (hereinafter "Spector Aff.") (Exhibit 1). The continuation of Ms. White's deposition has been objected to only by Ms. White's *Alabama* counsel (who did not attend her first deposition session and has apparently

---

[2] Among the many factual inaccuracies in the motion to quash is the cavalier statement that Ms. White has been questioned for over seven hours, seeking the protection of Rule 30(d)(2)'s presumptive time limitation. The motion (and the Bodie plaintiff's joinder) conveniently overlooks or glosses over two things: (1) the scheduling order in the Bodie case, which allows for eight hours, and (2) the one-hour lunch break taken during the deposition, see Fed.R.Civ.P. 30(d)(2) advisory committee's notes at 2000 Amendments ("the only time to be counted is the time occupied by the actual deposition").

appeared solely to contest its continuation), and the objection was joined by only the <u>Bodie</u>
plaintiff in a cursory pleading.  The motion was filed without the knowledge of Ms. White's
*Florida* counsel, with whom Purdue has made the arrangements for the April 9, 2004, session.
Spector Aff., ¶3.  None of the other 21-plus parties in <u>Ard</u> and <u>Bodie</u> have objected to the April
9, 2004, session.

The <u>Bodie</u> plaintiff's joinder in the motion to quash likewise is belied by his own actions.
The motion and the <u>Bodie</u> plaintiff's joinder seek to limit the deposition to one day - - a day that,
they say, already has passed.  The original notice served by the <u>Bodie</u> plaintiff, however,
expressly stated that Ms. White's deposition "will continue from time to time until completed,"
<u>see</u> Exhibit 2, thus contemplating that the deposition could take more than one day to complete.
Notably, Ms. White did not object to this aspect of the notice.

## ARGUMENT

Throughout the process of scheduling and taking Ms. White's deposition, Purdue has
cooperated with plaintiff's counsel in <u>Bodie, Ard</u> and <u>White</u> to limit any inconvenience to any
party or its counsel, and Ms. White and her counsel.  Nevertheless, despite meeting with Mr.
McCallum a few months before her deposition, <u>see</u> White Dep., 155:11-14, 17-18, 156:17-18,
and again the morning of her deposition, <u>see</u> White Dep., 153:22-154:1, - - for a total of several
hours - - and consenting to examination under oath by him for several more hours, Ms. White,
through her Alabama counsel, seeks to limit Purdue and the other defendants to what was left of
one afternoon and early evening to complete their inquiry - - an effort in which the <u>Bodie</u>
plaintiff joins.  To make matters worse, Ms. White's Alabama counsel and the <u>Bodie</u> plaintiff
simply *ignore* the four boxes of documents about which there has been no inquiry whatsoever.

4

Under these circumstances, a request for at least four hours to complete a "fair examination" is more than reasonable.

The deposition of Ms. White was first noticed on November 18, 2003, and was scheduled to take place in Tampa, Florida. It was noticed by plaintiffs' counsel in <u>Bodie</u> and <u>Ard</u>. Purdue did not move to quash the deposition notices, which set the deposition - - without consulting any Purdue counsel - - on short notice and only a week before the Thanksgiving holiday. Instead, Purdue requested that the plaintiff's counsel in <u>Bodie</u> and <u>Ard</u>, and Ms. White's Florida counsel work with Purdue's counsel in Alabama, South Carolina and Florida to determine a time for the deposition that would accommodate all parties and the witness. The deposition was rescheduled for December 17, 2003.

The notice ultimately served by the plaintiff in <u>Bodie</u> stated that the deposition would commence at 11:00 a.m. EST on December 17, 2003, and it expressly provided that the deposition "*will continue from time to time until completed.*" <u>See</u> Exhibit 2.[3] As noted above, no objection was made by any party or Ms. White to this notice.

Accordingly, Ms. White's deposition began at 11:00 a.m. EST on December 17, 2003, apparently to allow Ms. White to meet with Mr. McCallum earlier that morning. <u>See</u> White Dep., 153:22-154:1. This was not the first time Ms. White had met with Mr. McCallum:

> Q:      Did you or your attorney have any communications with Mr. McCallum before your meeting this morning?

---

[3] In the interest of judicial economy, and for the convenience of the parties and the witness, Purdue agreed that Ms. White's deposition would be conducted simultaneously in both <u>Bodie</u> and <u>Ard</u>. If Purdue had insisted that her deposition be taken separately in each case, Ms. White could have been required to sit for a deposition of at least eight hours in <u>Bodie</u> alone. Ms. White's Alabama counsel and the plaintiffs in <u>Bodie</u> now seek to use this cooperation against Purdue.

A.      We did, yes.

White Dep., 155:11-14.

Q:      When did that occur?

A:      I don't know. A couple of months ago. Around three months ago . . .

White Dep., 155:17-18.

Q:      And this phone call that you had with Mr. McCallum and your attorney . . . , how long did the phone conversation last?

A:      He actually came here, so it was in person.

White Dep., 156:17-18.

A:      . . . And I don't remember how long it lasted, an hour maybe. I don't know for sure.

White Dep., 156:20-22.  There is nothing wrong with these meetings.  They do underscore, though, that Ms. White, her Florida counsel and Mr. McCallum were not inconvenienced by meeting on at least two occasions prior to the deposition, nor were they inconvenienced by the deposition itself.  They now claim that merely convening - - after Ms. White's work hours - - to conclude her deposition *is* too inconvenient.

Ms. White's deposition with Mr. McCallum asking questions for several hours at the outset.  Notably, during this questioning by Mr. McCallum, Ms. White testified that she had numerous documents in her possession that she had obtained during her employment with Purdue:

Q:      . . . Did you and do you still have copies of some of the literature and documents and training manuals that you received while employed at Purdue?

A:      Yes, I have a lot of documents . . . Copies of emails.

6

White Dep., 123:14-20.

> Q:     ... Would you tell me what documents that you kept and retained while – through the course of your employment at Purdue Pharma?

> A:     A plethora of documents of my work with evaluations ... All my annual review. Some of the emails that were sent out by Wendell Fischer as the regional manager ... Before I got fired I printed everything off my computer that I thought could be of importance to me down the road. I've got copies of marketing materials, studies. I've got copies of tapes, videotapes, audiotapes. I've got CD-ROMS. I've got copies of other sales reps' – sales ... I made copies of statements that I sent to Erik Nordgren about different issues, et. cetera, et cetera.

White Dep., 123:21-124:15.

> Q:     And you've maintained them and kept them?

> A:     Yes, I've turned *some* of them over to my attorney.

White Dep., 125:25-126:3. At 4:55 p.m., Purdue's <u>Bodie</u> counsel, the only Purdue counsel that had had the opportunity to question the witness, indicated that she had at least a few more hours of questions, <u>see</u> White Dep., 195-204, and Purdue's local counsel in <u>Ard</u> also stated that he did not believe he could finish Ms. White's deposition in the next hour. <u>Id</u>.

Purdue's <u>Bodie</u> counsel continued her cross-examination of Ms. White until 6:10 p.m. Given the number and wide variety of topics to which Ms. White testified in response to Mr. McCallum's questions, Purdue had several areas of testimony to cover before a "fair examination" could be made of the witness. For example, she had yet to be questioned as to any testimony she could give specifically relevant to the <u>Bodie</u> and <u>Ard</u> cases, which is especially important because she worked for Purdue solely in Florida. Further, of course, Ms. White could not be questioned at that time about the Purdue documents in her possession that she had not produced. <u>See</u> <u>id</u>., 125-26. Nevertheless, counsel for the <u>Bodie</u> and <u>Ard</u> plaintiffs and Ms. White's Florida counsel resisted reconvening the deposition at a later time, despite the express

language of the deposition notice calling for the deposition to "continue from time to time until completed," and  insisted upon continuing until midnight. See id., 256-261.  The deposition session ended with each party reserving their right to either object to the continuation of the deposition or insist upon the completion of the deposition. [4]

Despite the clear language of his own deposition notice and Ms. White's failure to object to it, the Bodie plaintiff and Ms. White's Alabama counsel (who first appeared in this case to file the motion to quash on March 19, 2004) now seek to invoke Rule 30(d)(2) to block the continuation of her deposition on April 9, 2004 - - a continuation to which neither *any* Ard party nor Ms. White's Florida counsel has objected. To the contrary, Ms. White's Florida counsel arranged the April 9, 2004, date and agreed to produce Ms. White on that date. See Spector Aff., ¶¶ 4-5. The original notice itself calls for the very thing Purdue seeks - - the continuation of the deposition from time to time until it is completed - - and the deposition was rescheduled with the cooperation of Ms. White's Florida counsel, thus rendering Rule 30(d)(2) inapplicable.  See Fed. R. Civ. P. 32(d)(2) (stating that a deposition is limited to one day of seven hours unless, inter alia, stipulated by the parties).  At a minimum, the position now taken by the Bodie plaintiff and Ms. White's Alabama counsel flies in the face of the spirit of the rule, particularly given the circumstances of this case.

The truth is, "additional time consistent with Rule 26(b)(2) i[s] needed for a fair examination of [Ms. White]" - - a fact that the Ard parties and Ms. White's Florida counsel apparently acknowledge.  No party or its counsel, including Mr. McCallum, attempted to delay

---

[4] As noted elsewhere in this response, Plaintiff's counsel in Ard and Ms. White's Florida counsel have not objected to resuming the deposition on April 9, 2004.

or unduly prolong the examination of Ms. White on December 17, 2004.[5]  On the contrary, several things converged necessitating additional time - - all of which have been expressly contemplated by the Advisory Committee's Notes to Rule 30(d)(2) or courts construing it.  First, this deposition involves at least 23 different parties, and "[i]n multi-party cases, the need for each party to examine the witness may warrant additional time . . . ."  See Fed. R. Civ. P. 30(b)(2) advisory committee's notes at 2000 Amendments.  Second, Ms. White testified about Purdue documents in her possession that had not been produced (which, upon production, comprise at least *four boxes* of documents), and "[i]f the examination reveals that documents have been requested but not produced, that may justify further examination once production has occurred."  Id.  Third, this deposition was convened in two cases, and additional time may be needed when more than one case is pending.  See Miller v. Waseca Medical Center, 205 F.R.D. 537, 540 (D. Minn. 2002).

The Advisory Committee's Notes to Rule 30(d)(2) conclude, "It is to be expected that in most instances the parties and the witness will make reasonable accommodations to avoid the need for resort to the court."  Fed. R. Civ. P. 30(d)(2) advisory committee's notes at 2000 Amendment.  That is what Purdue has attempted to do with respect to Ms. White's deposition - - with some real success, at least as far as the Ard counsel and Ms. White's Florida counsel are concerned.  Additional time is needed for a fair examination of Ms. White, and Purdue seeks at least an additional four (4) hours to do so.

---

[5] The motion to quash makes no such allegation regarding Purdue's questioning of Ms. White at that session.

## CONCLUSION

For the foregoing reasons, Purdue respectfully requests that this Court deny non-party witness Karen White's Motion to Quash Purdue's Amended Cross-Notice of the Continuation of the Deposition of Karen White. Additionally, Purdue moves this Court to order additional time to complete this deposition under Fed. R. Civ. P. 30(d)(2) for a period of at least four (4) hours on April 9, 2004, as its continuation is required "for a fair examination of the deponent."

One of the Attorneys for Defendants
Purdue Pharma L.P., Purdue Pharma,
Inc., and The Purdue Frederick Company

OF COUNSEL:
Harlan I. Prater, IV (PRA004)
Melody L. Eagan (HUR009)
April S. Rogers (SAR009)
LIGHTFOOT, FRANKLIN & WHITE, L.L.C.
The Clark Building
400 20th Street North
Birmingham, Alabama 35203
(205)581-0700
facsimile: (205) 581-0799

## CERTIFICATE OF SERVICE

This is to certify that on this _31t_ day of March, 2004, a true and correct copy of the foregoing was served on the following counsel of record (or parties) by depositing a copy of same in the United States Mail, postage prepaid, properly addressed to :

Charles McCallum, Esq.
R. Brent Irby, Esq.
The McCallum Law Firm
2062 Columbiana Road
Vestavia Hills, AL 35216

Phillip W. McCallum, Esq.
McCallum & Methvin
The Highland Building
2201 Arlington Avenue South
Birmingham, AL 35205

Lee E. Bains, Jr., Esq.
Lorrie L. Hargrove, Esq.
Maynard, Cooper  & Gale, P.C.
Suite 2400
1901 6th Avenue North
Birmingham, AL 35203

OF COUNSEL

11



EXHIBIT
1

## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF ALABAMA
## WESTERN DIVISION

| | | |
|---|---|---|
| **JERRY BODIE,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **CIVIL ACTION NUMBER:** |
| **v.** | ) | |
| | ) | **CV-02-C-2838-W** |
| **THE PURDUE PHARMA COMPANY,** | ) | |
| **PURDUE PHARMA L.P.,** | ) | |
| **PURDUE PHARMA INC.,** | ) | |
| **PURDUE FREDERICK COMPANY,** | ) | |
| **THE P.F. LABORATORIES, INC.** | ) | |
| **ABBOTT LABORATORIES,** | ) | |
| **ABBOTT LABORATORIES, INC.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## NOTICE OF DEPOSITION OF KAREN WHITE

PLEASE TAKE NOTICE THAT at the time, date and place indicated below, the Plaintiff will take the testimony by deposition upon oral examination of that party named below pursuant to the Federal Rules of Civil Procedure before a Notary Public or officer as authorized to administer oaths. Such deposition shall be taken for the purpose of discovery and/or for use as evidence in this action, will continue from time to time until completed, and to which time and place you are notified to appear and take such part in the examination as shall be fit and proper.

DEPONENT:       Karen White

DATE:               December 3, 2003

TIME:               1:00 p.m.

PLACE:              KELLY & McKEE, P.A.
                    718 E. 7th Avenue
                    Suite 301
                    Tampa, Florida 33605
                    (813) 248-6400

PHILLIP W. MCCALLUM
JAMES M. TERRELL

**OF COUNSEL:**

**MCCALLUM & METHVIN, P.C.**
2201 Arlington Avenue South
Birmingham, Alabama 35205
(205) 939-0199

Charles A. McCallum, III
R. Brent Irby
**MCCALLUM LAW FIRM**
2062 Columbiana Road
Birmingham, Alabama 35216
(205) 824-7767

## CERTIFICATE OF SERVICE

I hereby certify that I have served the foregoing by placing a copy of the same in the United States Mail, first-class postage prepaid and addressed to their regular mailing address, on the 18th day of November 2003, to the following:

Harlan I. Prater, IV, Esq.
Melody Hurdle, Esq.
Lightfoot, Franklin & White, LLC
The Clark Building
400 20th Street North
Birmingham, Alabama 35203

Lee E. Baines, Esq.
Lorrie Hargrove, Esq.
Maynard, Cooper & Gale, P.C.
1901 Sixth Avenue North
2400 AmSouth/Harbert Plaza
Birmingham, Alabama 35203

OF COUNSEL

2

AO88 (Rev. 1/94) Subpoena in a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT
### Northern District of Alabama

Jerry Bodie

**SUBPOENA IN A CIVIL CASE**

V.

The Purdue Pharma Company, et al.

Case Number:[1]   CV-02-C-2838-W

TO: Karen White, c/o Kelly & McKee
    718 E. 7th Avenue, Suite 301
    Tampa, Florida 33605

☐  YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

☑  YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Kelly & McKee, 718 7th Avenue, Suite 301, Tampa, Florida | 1:00 p.m. |

☐  YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

| PLACE | DATE AND TIME |
|---|---|
| | |

☐  YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| *[signature]* | 11/18/03 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Phillip W. McCallum, McCallum & Methvin, P.C., 2201 Arlington Avenue South, Birmingham, Alabama 35205 (205) 939-0199

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO88  (Rev. 1/94) Subpoena in a Civil Case

---

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

---

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service. serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend

trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

EXHIBIT
2

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## WESTERN DIVISION

JERRY BODIE,

                    Plaintiff,

vs.

THE PURDUE PHARMA COMPANY;           CV-02-C-2838-W
PURDUE PHARMA L.P.; PURDUE
PHARMA INC.; PURDUE FREDERICK
COMPANY; THE P.F. LABORATORIES,
INC.; ABBOTT LABORATORIES;
ABBOTT LABORATORIES, INC.;

                    Defendants.

## AFFIDAVIT OF DAVID I. SPECTOR

**STATE OF** Florida    )

**COUNTY OF** Palm Beach  )

    **PERSONALLY** appeared before me, the undersigned authority in and for the State and County aforesaid, the within named David I. Spector, being over 21 years of age and of sound mind, and having been sworn by me, on oath stated as follows:

    1.    My name is David I. Spector. I am a partner with Steel, Hector and Davis LLP, in West Palm Beach, Florida. In that capacity, I am counsel for Purdue Pharma, L.P. ("Purdue"), in the case styled <u>Karen White v. Purdue Pharma, LP, et al.</u>, Case No. 8-03-CV-1799-T-26 MSS, in the United States District Court for the Middle District of Florida, Tampa Division, and I have personal knowledge of the facts stated in this affidavit.

    2.    On March 4, 2004, I talked to Robert McKee, counsel for Karen White in her case against Purdue. Mr. McKee and I discussed the continuation of Ms. White's deposition in <u>Jerry Bodie v. Purdue Pharma, LP, et al.</u>, in the United States District Court for the Northern District of Alabama, Western Division, Case No. CV-02-C-2838-W, and <u>Jack Ard, et al v. Purdue</u>

Pharma, et al., Civil Case No. 02-CP-18-1756, Common Pleas Court, Dorchester County, South Carolina, which had been commenced, but not completed, on December 17, 2003.

3.     Mr. McKee agreed to produce Ms. White at the continuation of her deposition in the Bodie and Ard cases on April 9, 2004.

4.     In order to accommodate Ms. White's work schedule, I suggested that the deposition recommence late in the afternoon of April 9th so that she would not miss a day from work.

5.     On behalf of Ms. White, Mr. McKee agreed that the deposition would recommence at 3:00 p.m. EST.  As a further accommodation to Ms. White, I suggested that the deposition be taken in Mr. McKee's offices in Tampa, Florida.  I advised counsel for Purdue in the Bodie and Ard cases of Ms. White's agreement through counsel to be deposed on April 9, 2004, and a deposition notice to that effect was issued in each case shortly thereafter.

6.     After the motion to quash the Bodie deposition notice for Ms. White was filed in that case, I talked again with Mr. McKee on March 25, 2004, and he advised me that he was not aware of any such motion being filed on behalf of Ms. White.

FURTHER AFFIANT SAYETH NOT.

DAVID I. SPECTOR

STATE OF FLORIDA          )

COUNTY OF PALM BEACH    )

SWORN TO AND SUBSCRIBED before me this the 35th day of March, 2004.

NOTARY PUBLIC

MY COMMISSION EXPIRES:

____3/25/05____

J S Andersson
My Commission DD011647
Expires March 25, 2005