IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

FILED
04 SEP -3 PM 4:22
U.S. DISTRICT COURT
N.D. OF ALABAMA

| | |
|---|---|
| JERRY BODIE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | CIVIL ACTION NO. |
| THE PURDUE PHARMA COMPANY, ) | |
| PURDUE PHARMA L.P., PURDUE ) | CV-02-HS-2838-W |
| PHARMA INC., PURDUE FREDERICK ) | |
| COMPANY, THE P.F. LABORATORIES, ) | |
| INC., ABBOTT LABORATORIES, ABBOTT ) | |
| LABORATORIES, INC., ) | |
| ) | |
| Defendants. ) | |

### UNOPPOSED MOTION FOR ENTRY OF HIPAA ORDER

Come now defendants The Purdue Pharma Company, Purdue Pharma L.P., Purdue Pharma Inc., Purdue Frederick Company, and The P.F. Laboratories, Inc. ("Purdue") and hereby move this Honorable Court for entry of the attached Order regarding the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"). In support of this motion, Purdue shows the Court as follows:

1.      Counsel for Purdue has consulted with opposing counsel, and opposing counsel consents to the entry of the attached Order.

2.      Plaintiff's medical history is relevant to the issues in this case. Plaintiff makes personal injury claims of addiction to the prescription medication OxyContin, and the attached Order will assist Purdue in obtaining medical records from third parties.

WHEREFORE, PREMISES CONSIDERED, Purdue respectfully requests that the Court enter the attached HIPAA Order.



/s/ Melody H. Eagan
One of the Attorneys for Purdue Defendants

OF COUNSEL:
Harlan I. Prater, IV (PRATH7485)
Melody Hurdle Eagan (EAGAM9780)
Jacob Michael Tubbs (TUBBJ7822)
LIGHTFOOT, FRANKLIN & WHITE, L.L.C.
The Clark Building
400 North 20th Street
Birmingham, Alabama 35203
(205) 581-0700
(205) 581-0799 (fax)

## CERTIFICATE OF SERVICE

This is to certify that on this ___3rd___ day of September, 2004, a true and correct copy of the foregoing was served on counsel of record by depositing a copy of same in the United States Mail, postage prepaid, properly addressed to

    Phillip W. McCallum, Esq.
    McCALLUM & METHVIN, P.C.
    2201 Arlington Avenue South
    Birmingham, Alabama  35205

    Charles A. McCallum, III, Esq.
    R. Brent Irby, Esq.
    McCALLUM LAW FIRM
    2062 Columbiana Road
    Birmingham, Alabama  35216

    Lee E. Baines, Esq.
    Lorrie L. Hargrove, Esq.
    MAYNARD, COOPER & GALE, P.C.
    2400 AmSouth/Harbert Plaza
    1901 Sixth Avenue North
    Birmingham, Alabama  35203

    Paul F. Strain, Esq.
    M. King Hill, III, Esq.
    VENABLE, BAETJER AND HOWARD, LLP
    1800 Mercantile Bank & Trust Building
    2 Hopkins Plaza
    Baltimore, Maryland 21201-2978

_____
Of Counsel

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

JERRY BODIE,

    Plaintiff,

v.                                                                    CIVIL ACTION NO. 02-HS-2838-W

THE PURDUE PHARMA COMPANY, et al,

    Defendants.

### HIPAA ORDER

Upon compliance with Rule 45, Fed.R.Civ.P., the attorneys for the parties to this lawsuit are permitted to inspect and copy all health information relating to any individual who is a party to this case or of any decedent or other real party in interest, represented by an executor, administrator, guardian, next friend, bailee or trustee, and to inspect and copy all information relative to payment for the provision of medical care to any such individual. This court order authorizes any third party who is provided with a subpoena requesting the production of documents or commanding attendance at deposition or trial to disclose Protected Health Information in response to such request or subpoena. This court order is intended to authorize such disclosures under Section 164.512(e)(1) of the privacy regulations issued pursuant to the Health Insurance Portability and Accountability Act of 1996 (HIPPA).

Nothing in this order shall be deemed to relieve any party or attorney of the requirements of the Federal Rules of Civil Procedure. Nothing in this order permits disclosure of confidential communications made for the purposes of diagnosis or treatment of a patient's mental or emotional condition, including alcohol or drug addiction, among the patient, the patient's

psychotherapist, and persons who are participating in the diagnosis or treatment under the direction of the psychotherapist, including members of the patient's family, nor does this order permit disclosure of records or information relating to HIV testing or sexually transmitted disease.

Nothing in this order shall be construed to authorize any party or any attorney for any party to release, exchange, submit, or share any Protected Health Information with any other person or any other entity, other than an agent or employee of the attorney or party.

At the conclusion of this action and at the written request of an individual whose Protected Health Information has been disclosed, or such individual's authorized representative, all recipients of the Protected Health Information shall return to the requesting party the documents and all copies thereof containing Protected Health Information received by them pursuant to this order.  This order shall be in effect only until the conclusion of this litigation.

DONE and ORDERED this _____ day of _____, 2004.

_____
VIRGINIA EMERSON HOPKINS
UNITED STATES DISTRICT JUDGE