FILED

2004 Dec-30  PM 01:26
U.S. DISTRICT COURT
N.D. OF ALABAMA

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION**

04 DEC 29  PM 3:44

JERRY BODIE,                               )
                                           )
        Plaintiff,                         )
                                           )
v.                                         )        CIVIL ACTION NO.
                                           )
THE PURDUE PHARMA COMPANY, et al.,  )        CV-02-HS-2838-W
                                           )
        Defendants.                        )
                                           )

**PURDUE'S MOTION TO COMPEL PRODUCTION OF
PLAINTIFF EXPERT WITNESS DOCUMENTS**

Defendants The Purdue Pharma Company, Purdue Pharma, L.P., Purdue Pharma, Inc.,

and The Purdue Frederick Company (as of this date, merged with The P.F. Laboratories, Inc.)

(collectively, "Purdue") hereby submit this Motion to Compel Production of Plaintiff's Expert

Witness Documents, respectfully showing the Court as follows:

## I.    INTRODUCTION

This is a personal injury lawsuit filed by Plaintiff Jerry Bodie ("Plaintiff"), in which

Plaintiff alleges he was addicted to OxyContin® tablets ("OxyContin") and injured as a result.

Plaintiff has designated Dr. David S. Egilman as an expert witness in this case, to offer opinion

and criticisms regarding the OxyContin package insert and certain marketing materials relating

to OxyContin. During a recent deposition taken in another case, Purdue learned that Dr. Egilman

has recently co-authored an article with Dr. Gregory B. Collins specifically relating to

OxyContin:

        Q:    Have you begun to write any other articles about OxyContin?

        A:    Yes.

Q:     What articles are those?

A:     I have another article that I'm a coauthor on with respect to that, to
       some degree that issue, misrepresentation.

Q:     Who is that coauthor?

A:     David Egilman, E-g-i-l-m-a-n, MD.

See Deposition Transcript of Dr. Gregory B. Collins, October 22, 2004 in McGraw v. Purdue at
89. (Attached as Exhibit A). This article is awaiting journal publication and is not yet publicly
available. After learning of the existence of this article, Purdue, in its notice of deposition to Dr.
Egilman, asked the witness to bring any articles he had written on OxyContin® to his deposition.
See Amended Notice of Videotaped Deposition of Dr. David S. Egilman, M.D., M.P.H., dated
October 28, 2004 (Attached as Exhibit B).

       Plaintiff's counsel responded in a letter, dated December 1, 2004, refusing to produce the
requested article until some unspecified time after its publication: "With respect to the article
written by Dr. Egilman and Dr. Collins, it has been submitted for publication. It is Dr. Egilman's
position that the article will not be produced until it is published. In addition, counsel for
plaintiff does not have a copy of this article." See Letter from Jayne Conroy to Melody Eagan
and William Hoffmann of December 1, 2004. (Attached as Exhibit C ).

       Dr. Egilman was subsequently asked for a copy of the draft of this article at his
deposition on December 9, 2004, and he again refused to produce it. His basis for that refusal
was that the article will lose some of its publication value by producing it prior to official
publication. See Deposition Transcript of Dr. David S. Egilman, dated December 9, 2004, taken
in Bodie v. Purdue Pharma, et al, at 132. (Attached as Exhibit D). Purdue has repeatedly offered
that the unpublished draft be produced subject to a protective order to address Dr. Egilman's

2

concerns regarding dissemination of the article. Prior to filing this Motion, Purdue again

requested a copy of this article, subject to a protective order, via Plaintiff's counsel; Dr. Egilman

again refused to produce the article. Because its efforts to resolve this dispute with Plaintiff's

counsel have been unsuccessful, pursuant to Rule 37 of the Federal Rules of Civil Procedure,[1]

Purdue moves this Court to compel production of any articles written by Dr. Egilman concerning

OxyContin®, including the article referenced in his December 9, 2004 deposition.

## II. ARGUMENT AND CITATION OF AUTHORITY

### A. The Federal Rules of Civil Procedure Give Purdue the Right to Obtain the Article Co-Authored by Plaintiff's Expert Witness, Dr. David S. Egilman

Federal Rule of Civil Procedure 30(b)(5) states that:

The notice to a party deponent may be accompanied by a request that the party, at
the taking of the deposition, produce and permit inspection and copying of
designated books, papers, documents, or tangible things which constitute or
contain matters within the scope of Rule 26(b). . . .  If objection is made, the party
taking the deposition shall not be entitled to inspect the materials except pursuant
to an order of the court. The party taking the deposition may move at any time for
an order under Rule 37(a) with respect to any objection to the request or any part
thereof, or any failure to produce or permit inspection.

F.R.C.P. 30(b)(5).

The article that Dr. Egilman has co-authored with Dr. Collins specifically addresses the

substance and issue of the present litigation, OxyContin, and is therefore both a relevant and

timely matter for discovery within the scope of Rule 26(b). Dr. Egilman described his article as

follows:

---

[1] Rule 37 states:

If a deponent fails to answer a question propounded or submitted under Rule 30 or Rule 31, . . .. or
if a party, in response to a request for production or inspection submitted under Rule 30(b)(5) . ..
fails to produce or permit inspection as requested, . . . the discovering party may move for an order
compelling an answer or designation, or an order compelling production.

F.R.C.P. 37(a)(2).

3

Q.     By the way, it's my understanding, I think, through the testimony of Dr.
       Gregory Collins, that you are co-authoring an article with him; is that
       correct?

A.     Correct.

Q.     What is the topic of that article?

A.     OxyContin.

Q.     Has that article been submitted for publication yet?

A.     No.

See Egilman Transcript, Exhibit D, at 132. Because Dr. Egilman will attempt to offer expert

opinions at trial regarding OxyContin and because Purdue has provided reasonable notice of its

desire to obtain the article at issue, the Court should compel Dr. Egilman to produce the article or

a draft thereof.

## B.     Purdue Requested the Article at Issue in a Sufficient and Timely Manner

Purdue first requested the information sought in this Motion to Compel in a deposition

notice served on Plaintiff's counsel on October 28, 2004. See Exhibit B, at 2 ("Plaintiff's

counsel is directed to have the deponent bring the following documents with him to this

deposition: . . . 12.  A copy of any and all articles written by deponent").  Purdue again requested

this information in its Second Amended Notice of Videotaped Deposition of David Egilman,

M.D., M.P.H., dated November 11, 2004 ("Plaintiff's counsel is directed to have the deponent

bring the following documents with him to this deposition: . . . 12.  A copy of any and all articles

written by deponent, including any and all speeches, articles or presentations, published or not

published, authored or co-authored by the deponent, including but not limited to OxyContin: A

Cautionary Tale and OxyContin: How Profits Took Priority Over Public Health.") (Attached as

4

Exhibit E). Purdue served identical notices requesting this information on Dr. Egilman on

November 17, 2004, and on December 1, 2004 (Attached as Exhibits F and G, respectively).

These notices specifically identified the type of information that Purdue seeks to obtain, and Dr.

Egilman has had reasonable notice of Purdue's request for the material. As the Court has set this

case for a final pre-trial conference on March 3, 2004, Purdue's need for any articles drafted by

Plaintiff's expert witness is urgent; therefore, Dr. Egilman should be compelled to produce the

article or a draft thereof.

## C. Dr. Egilman's Stated Justification for Refusing to Produce the Article at Issue is Not Valid

Dr. Egilman's concern for the publication value of his article is not a valid justification to

deny Purdue the right to review the article based on the circumstances. Purdue has repeatedly

offered to have the draft article produced in accordance with the conditions of the Protective

Order entered by this Court on March 2, 2004 – as evidenced by the Proposed Order submitted

with this Motion (attached as Exhibit H) – to alleviate any concerns Dr. Egilman may have

regarding the dissemination of his article. The Protective Order will serve to maintain the

integrity of Dr. Egilman's work prior to its official publication and would allow Purdue the full

scope of discovery to which it is entitled. Denying Purdue the opportunity to review an article

specifically pertaining to the subject of litigation, co-authored by an expert witness who will

offer opinions on this subject at trial, is clearly prejudicial to Purdue.

## III. CONCLUSION

For all of the foregoing reasons, Purdue respectfully requests that the Court enter an order

compelling the production of any and all articles authored or co-authored by Plaintiff's expert

witness, Dr. David S. Egilman, including but not limited to drafts of articles, and whether

published or unpublished.

5

_____
One of the Attorneys for the Purdue Defendants

OF COUNSEL:
Harlan I. Prater, IV (PRA004)
Melody Hurdle Eagan (HUR009)
Jacob Michael Tubbs (TUB003)
LIGHTFOOT, FRANKLIN & WHITE, L.L.C.
The Clark Building
400 North 20th Street
Birmingham, Alabama 35203
(205) 581-0700
(205) 581-0799 (fax)

## CERTIFICATE OF SERVICE

This is to certify that on this $21^{th}$ day of December, 2004, a true and correct copy of the foregoing was served on counsel of record by facsimile and by depositing a copy of same in the United States Mail, postage prepaid, properly addressed to:

Phillip W. McCallum, Esq.
McCALLUM & METHVIN, P.C.
2201 Arlington Avenue South
Birmingham, Alabama 35205

Tor A . Hoerman, Esq.
SimmonsCooper, LLC
707 Berkshire Blvd.
P.O. Box 521
East Alton, IL 62024

Jayne Conroy, Esq.
Hanly Conroy Bierstein & Sheridan LLP
415 Madison Avenue
New York, NY 10017-1111

Of Counsel

7

Page 1

1          IN THE CIRCUIT COURT OF McDOWELL COUNTY
                    WEST VIRGINIA
2

    STATE OF WEST VIRGINIA
3   Ex rel. DARRELL V. McGRAW, JR.,
    ATTORNEY GENERAL, WEST VIRGINIA
4   BUREAU OF EMPLOYMENT PROGRAMS,
    WEST VIRGINIA DEPARTMENT OF HEALTH
5   AND HUMAN RESOURCES, AND WEST VIRGINIA
    PUBLIC EMPLOYEES INSURANCE AGENCY,
6
                    Plaintiffs,
7
    v.                      Civil Action No.: 01-CV-137
8
9   PURDUE PHARMA L.P.;
    PURDUE PHARMA INC.;
10  PURDUE FREDERICK COMPANY;
    ABBOTT LABORATORIES; and
11  ABBOTT LABORATORIES, INC.,
12              Defendants.
13
         The videotape deposition of DR. GREGORY
14  BRUCE COLLINS, taken upon oral examination,
    pursuant to notice and pursuant to the West
15  Virginia Rules of Civil Procedure, before Johnny
    J. Jackson, Registered Diplomate Reporter and
16  Notary Public in and for the State of West
    Virginia, Friday, October 22, 2004, at the
17  offices of Johnny Jackson & Associates, Suite
    300, 606 Virginia Street, East, Charleston, West
18  Virginia.
19
20
21
22
            JOHNNY JACKSON & ASSOCIATES, INC.
23             606 Virginia Street, East
               Charleston, WV  25301
24                 (304) 346-8340

EXHIBIT
tabbies
_A_

1          Q.   Are you in the course of writing that

2     article right now?

3          A.   My experience counts for the material

4     that I will gather for that article, yes.

5          Q.   In what journal are you planning to

6     publish that?

7          A.   I don't know yet.

8          Q.   And you haven't began writing the

9     article, have you?

10         A.   Not that one.

11         Q.   Have you begun to write any other

12    articles about OxyContin«?

13         A.   Yes.

14         Q.   What articles are those?

15         A.   I have another article that I'm a

16    coauthor on with respect to that, to some degree

17    that issue, misrepresentation.

18         Q.   Who is that coauthor?

19         A.   David Egilman, E-g-i-l-m-a-n, MD.

20         Q.   Where is David Egilman?

21         A.   I believe he is based in Brown

22    University, I think, Rhode Island.

23         Q.   What is his specialty?

24         A.   I think occupational medicine.

1       Q.   How did you come to be a coauthor -- is

2   this article already finished?

3       A.   Almost.

4       Q.   It's still in draft form?

5       A.   Uh-huh.

6       Q.   Has it been submitted to --

7       A.   No.

8       Q.   -- a journal yet?

9            Where would you intend to publish it?

10      A.   JAMA.

11      Q.   What's the focus of the article?

12      A.   I think the title is something like the

13   promotion of, The Marketing of OxyContin«, a

14   Cautionary Tale.

15      Q.   Do you form the conclusion that the

16   marketing had a causal relationship with the

17   abuse and diversion of OxyContin«?

18      A.   I think that the misrepresentation which

19   was part and parcel of that marketing effort was

20   a part of the rapid spread and what I would

21   consider to be overuse and over-utilization of

22   the drug and the inappropriate use and

23   inappropriate prescribing of the drug, and that

24   inappropriate prescribing and overuse led to a

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## WESTERN DIVISION

| | |
|---|---|
| JERRY BODIE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) CIVIL ACTION NO. |
| THE PURDUE PHARMA COMPANY, | ) |
| PURDUE PHARMA L.P., PURDUE | ) CV-02-HS-2838-W |
| PHARMA INC., PURDUE FREDERICK | ) |
| COMPANY, THE P.F. LABORATORIES, | ) |
| INC., ABBOTT LABORATORIES, ABBOTT | ) |
| LABORATORIES, INC., | ) |
| | ) |
| Defendants. | ) |

## AMENDED NOTICE OF VIDEOTAPED DEPOSITION OF
## DAVID EGILMAN, M.D., M.P.H.

TO:    Phillip W. McCallum, Esq.
       McCallum & Methvin, P.C.
       2201 Arlington Avenue South
       Birmingham, Alabama 35205

       Tor A. Hoerman, Esq.
       SimmonsCooper, LLC
       707 Berkshire Blvd.
       P.O. Box 521
       East Alton, IL 62024

Please take notice that, pursuant to the Federal Rules of Civil Procedure (FRCP), the

Purdue Defendants will take the videotaped deposition of David Egilman, M.D., M.P.H., who

has been designated by Plaintiff as an expert witness, at Brown University, Providence, Rhode

Island (specific location to be determined) on November 15, 2004, commencing at 9:00 a.m.

Said deposition will be taken before a notary public or other officer authorized by law to



EXHIBIT

B

administer oaths. The oral examination will continue from day to day until its completion. You

are invited to attend and participate in the deposition in accordance with the FRCP.

Plaintiff's counsel is directed to have the deponent bring the following documents with

him to this deposition:

1.  All documents received by the deponent from Plaintiff, his counsel, or anyone acting on their behalf, since the deponent first learned that he might serve as an expert in this civil action;

2.  All documents provided by the deponent to Plaintiff, his counsel, or anyone acting on their behalf, since the deponent first learned that he might serve as an expert in this civil action;

3.  All documents depicting all or any part of a draft or final version of any report which the deponent may have prepared in connection with this civil action;

4.  All documents concerning Plaintiff that the deponent looked at, reviewed, or studied at any time since the deponent first learned that he might serve as an expert in this civil action, including pleadings, discovery, and other papers filed with the Clerk or submitted to the Court in this civil action, records generated by Plaintiff's providers of physical and mental health care, records generated by facilities where Plaintiff has been provided physical and mental health care, and records generated by businesses from which Plaintiff obtained OxyContin® tablets or any other prescription medication;

5.  All documents, other than those described in the immediately preceding paragraph, that the deponent looked at, reviewed, or studied while preparing to offer his expert opinions in this civil action;

6.  All documents setting forth or referring to, in whole or in part, the opinions which the deponent may offer in this civil action;

7.  All documents setting forth or referring to, in whole or in part, the bases and reasons for the opinions which the deponent may offer in this civil action;

8.  All documents setting forth or referring to, in whole or in part, data or other information considered by the deponent in forming the opinions which he may offer in this civil action;

9.  All documents constituting, setting forth, or referring to, in whole or in part, exhibits to be used as a summary of or support for the opinions which deponent may offer in this civil action;

2

10. The deponent's entire file for this civil action and the work he has been asked or hired to do in connection with this civil action, including time sheets, documents revealing the occurrence of meetings, conversations, or other communications with Plaintiff, his counsel, or anyone acting on their behalf, and statements or invoices for services rendered;

11. A copy of the deponent's current curriculum vitae;

12. A copy of any and all articles written by deponent;

13. Any and all memoranda or other documents prepared by deponent pursuant to his employment in this case;

14. Any drawings, graphs, charts, illustrations or plans prepared by deponent in connection with this matter;

15. Copies of any and all notes, calculations or other data prepared by deponent in formulating his opinions in connection with this case, to include all rough drafts;

16. Copies of any correspondence (including, but not limited to, e-mail) written by deponent or received from others with whom he has consulted in connection with this case;

17. A list of all litigation in which deponent has been retained as an expert witness, and indicate for each case whether he was retained by the plaintiff or whether he was retained by the defendant;

18. An itemized list of time, charges and expenses for services or opinions rendered by deponent in this case, including an itemization for said services performed by any persons employed by him in this case;

19. All computer programs, both preliminary and final copies, either viewed by deponent, done by him, or done for him; and

20. Any and all materials, of any nature whatsoever, regarding any services performed by or on behalf of deponent in this case.

"Document" in this notice means (1) every medium upon or within which data or

information can be transmitted, received, permutated, stored or destroyed and (2) that, in fact,

contains requested data or information at the time Plaintiff's counsel receives this notice; except

that "document," in no event, shall be construed more narrowly than the broadest meaning it has

under FRCP 34. Any version of a document may be produced at the deposition which, with

complete accuracy, depicts the data or information in or on the version of the document that the

deponent keeps in the regular course of his business, provided that the version of the document

produced at the deposition is immediately reviewable without the assistance of technology or

mechanisms of any sort. For example, if the deponent ordinarily keeps a document in the hard

drive of his computer, he *must* appear at the deposition with a paper version of the document, but

he need not also bring the hard drive, so long as the paper version depicts, with complete

accuracy, the version of the document on the hard drive.

Dated this $\underline{28}$ day of October, 2004.

One of the Attorneys for Defendant
Purdue Pharma L.P.

OF COUNSEL:
Harlan I. Prater, IV (PRA004)
Melody Hurdle Eagan (HUR009)
Jacob Michael Tubbs (TUB003)
LIGHTFOOT, FRANKLIN & WHITE, L.L.C.
The Clark Building
400 North 20th Street
Birmingham, Alabama 35203
(205) 581-0700
(205) 581-0799 (fax)

## CERTIFICATE OF SERVICE

This is to certify that on this ___28th___ day of October, 2004, a true and correct copy of the foregoing was served on counsel of record by depositing a copy of same in the United States Mail, postage prepaid, properly addressed to

Phillip W. McCallum, Esq.
McCALLUM & METHVIN, P.C.
2201 Arlington Avenue South
Birmingham, Alabama 35205

Tor A. Hoerman, Esq.
SimmonsCooper, LLC
707 Berkshire Blvd.
P.O. Box 521
East Alton, IL 62024

_____
Of Counsel

## HANLY CONROY BIERSTEIN & SHERIDAN LLP

415 MADISON AVENUE
NEW YORK, NEW YORK 10017-1111
www.hanlyconroy.com

ANDREA BIERSTEIN (NY & MA)
(212) 401-7556
JAYNE CONROY (NY, DC & MA)
(212) 401-7555
CLINTON B. FISHER (NY & DC)
(212) 401-7557
PAUL J. HANLY, JR. (NY & TX)
(212) 401-7550
THOMAS I. SHERIDAN, III (NY)
(212) 401-7602

TELEPHONE (MAIN)
(212) 401-7600

TELECOPIER
(212) 401-7635

EMAIL
jconroy@hanlyconroy.com

December 1, 2004

Melody H. Eagan, Esq.                    *VIA E-MAIL AND REGULAR MAIL*
Lightfoot, Franklin & White, L.L.C.
The Clark Building
400 20th Street North
Birmingham, Alabama 35203-3200

William E. Hoffman, Esq.
King & Spalding
191 Peachtree St.
Atlanta, Georgia 30303

Re: <u>Jerry Bodie v. Purdue Pharma L.P., et al.</u>

Dear Melody and Bill:

This is in response to your document requests in the deposition notice of Dr. Egilman. The responses conform to the paragraph numbers of your notice.

1.    See attached transmittal letters that identify the Purdue and other documents provided by plaintiff to Dr. Egilman. Dr. Egilman has also reviewed the depositions taken in <u>Mathis</u>, <u>Engle</u> and <u>Bodie</u>.

2.    See affidavits filed in <u>Hurtado</u>, and <u>Jamison</u> and Dr. Egilman's report filed in this case.

3.    No such drafts exist.

4.    See response to paragraph 1.

5.    No such documents.

EXHIBIT

C

Melody H. Eagan, Esq.
William E. Hoffman, Esq.
December 1, 2004
Page 2

6.   See Dr. Egilman's report filed in this case and his report concerning his recent examination of Mr. Bodie. You will receive this report under separate cover (and via e-mail).

7.   See response to paragraphs 2 and 6.

8.   See response to paragraph 1.

9.   Dr. Egilman will provide under separate cover a collection of PowerPoint slides in addition to his reports (also via e-mail).

10.  Dr. Egilman will provide, to the extent they exist, time sheets and invoices.

11.  See Dr. Egilman's report filed in this action.

12.  See attached list of articles. With respect to the article written by Dr. Egilman and Dr. Collins, it has been submitted for publication. It is Dr. Egilman's position that the article will not be produced until it is published. In addition, counsel for plaintiff does not have a copy of this article.

13.  See response to paragraphs 2 and 6.

14.  See response to paragraph 9.

15.  See response to paragraph 9.

16.  See response to paragraph 1.

17.  Dr. Egilman will provide.

18.  See response to paragraph 10.

19.  We do not understand what you mean by "computer programs" and therefore we are unable to respond.

20.  See all above responses.

I am also in receipt of your letter of today concerning documents that must be brought to the deposition of Drs. Uhl and Egilman. Do you really want Dr. Egilman to bring all 130 files boxes of documents (which he will need to print out from the cds, at your cost) to his deposition site? I fully appreciate that you will want a hard copy of a specific document that may come up during questioning; however, without knowing Mr. Hoffman's questions in advance, it

Melody H. Eagan, Esq.
William E. Hoffman, Esq.
December 1, 2004
Page 3

is difficult to determine what will be needed. You do have Dr. Egilman's previous affidavits as
well as his report in this case, which provide a very extensive understanding of his opinions and
the documents that support them. If you want us to create a document repository at Motley Rice
in time for the deposition, you will need to let me know immediately and your acceptance of the
cost of that undertaking.

Sincerely,

Jayne Conroy

Encls.

Tor Hoerman, Eaq.
Phillip W. McCallum, Esq.

DE120904 (2)

1

| 1 | | (EXCERPT OF TESTIMONY) |
|---|---|---|

1                    (EXCERPT OF TESTIMONY)
2    Q.   By the way, it's my understanding, I think,
3         through the testimony of Dr. Gregory Collins, that
4         you are co-authoring an article with him; is that
5         correct?
6         A.   Correct.
7    Q.   What is the topic of that article?
8         A.   OxyContin.
9    Q.   Has that article been submitted for publication
10        yet?
11        A.   No.
12   Q.   What is the status of the drafting of that
13        article?
14        A.   It's currently in our court.
15   Q.   Currently in what?
16        A.   Our court.  In other words, the last set of
17        revisions are for us to review and make.
18   Q.   So, are you and Dr. Collins currently revising a
19        draft of that article?
20        A.   Correct.
21                  MR. HOFFMAN:  And I'm going to ask on the
22        record for that to be produced in connection with
23        this lawsuit, as well.
24                  THE WITNESS:  Let me just, since these
25        may relate to me, requests, that in general most

Page 1

EXHIBIT

D

| | |
|---|---|
| 1 | publications, and I'll check with the book people, |
| 2 | don't like publications pre-released, or you lose |
| 3 | your ability to publish frequently if they're |
| 4 | pre-released in some form, because the journals |
| 5 | only take original material, and the books, the |
| 6 | book which has these two chapters in it, has |
| 7 | certainly dealt with material in it as if it were |
| 8 | a journal, in that there has been rigorous peer |
| 9 | review of all of the articles.  So I don't know |
| 10 | what their rule is, in terms of pre-release prior |
| 11 | to publication of the actual text, but to the |
| 12 | extent that they have a contract with a book |
| 13 | publisher, it might also jeopardize the presence |
| 14 | of the chapters in those books and, therefore, on |
| 15 | first blush I'm not anxious to jeopardize |
| 16 | publication by pre-producing them as part of the |
| 17 | litigation, but certainly the judge is going to |
| 18 | make that decision. |
| 19 | MR. HOFFMANN:  That's right. |
| 20 | (EXCERPT OF TESTIMONY) |
| 21 | |
| 22 | |
| 23 | |
| 24 | |
| 25 | |

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ALABAMA**
**WESTERN DIVISION**

| | |
|---|---|
| JERRY BODIE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) CIVIL ACTION NO. |
| THE PURDUE PHARMA COMPANY, | ) |
| PURDUE PHARMA L.P., PURDUE | ) CV-02-HS-2838-W |
| PHARMA INC., PURDUE FREDERICK | ) |
| COMPANY, THE P.F. LABORATORIES, | ) |
| INC., ABBOTT LABORATORIES, ABBOTT | ) |
| LABORATORIES, INC., | ) |
| | ) |
| Defendants. | ) |

## SECOND AMENDED NOTICE OF VIDEOTAPED DEPOSITION OF
## DAVID EGILMAN, M.D., M.P.H.

TO:    Phillip W. McCallum, Esq.
       McCallum & Methvin, P.C.
       2201 Arlington Avenue South
       Birmingham, Alabama 35205

       Tor A. Hoerman, Esq.
       SimmonsCooper, LLC
       707 Berkshire Blvd.
       P.O. Box 521
       East Alton, IL 62024

       Jayne Conroy, Esq.
       Hanly Conroy Bierstein & Sheridan LLP
       415 Madison Avenue
       New York, NY 10017-1111

Please take notice that, pursuant to the Federal Rules of Civil Procedure (FRCP), the

Purdue Defendants will take the videotaped deposition of David Egilman, M.D., M.P.H., who

has been designated by Plaintiff as an expert witness, at Vetter & White, 20 Washington Place,



**EXHIBIT**
*E*

Providence, Rhode Island 02903, on November 15, 2004, commencing at 9:00 a.m. Said

deposition will be taken before a notary public or other officer authorized by law to administer

oaths. The oral examination will continue from day to day until its completion. You are invited

to attend and participate in the deposition in accordance with the FRCP.

Plaintiff's counsel is directed to have the deponent bring the following documents with

him to this deposition:

1. All documents received by the deponent from Plaintiff, his counsel, or anyone acting on their behalf, since the deponent first learned that he might serve as an expert in this civil action;

2. All documents provided by the deponent to Plaintiff, his counsel, or anyone acting on their behalf, since the deponent first learned that he might serve as an expert in this civil action;

3. All documents depicting all or any part of a draft or final version of any report which the deponent may have prepared in connection with this civil action;

4. All documents concerning Plaintiff that the deponent looked at, reviewed, or studied at any time since the deponent first learned that he might serve as an expert in this civil action, including pleadings, discovery, and other papers filed with the Clerk or submitted to the Court in this civil action, records generated by Plaintiff's providers of physical and mental health care, records generated by facilities where Plaintiff has been provided physical and mental health care, and records generated by businesses from which Plaintiff obtained OxyContin® tablets or any other prescription medication;

5. All documents, other than those described in the immediately preceding paragraph, that the deponent looked at, reviewed, or studied while preparing to offer his expert opinions in this civil action;

6. All documents setting forth or referring to, in whole or in part, the opinions which the deponent may offer in this civil action;

7. All documents setting forth or referring to, in whole or in part, the bases and reasons for the opinions which the deponent may offer in this civil action;

8. All documents setting forth or referring to, in whole or in part, data or other information considered by the deponent in forming the opinions which he may offer in this civil action;

2

9.   All documents constituting, setting forth, or referring to, in whole or in part, exhibits to be used as a summary of or support for the opinions which deponent may offer in this civil action;

10.  The deponent's entire file for this civil action and the work he has been asked or hired to do in connection with this civil action, including time sheets, documents revealing the occurrence of meetings, conversations, or other communications with Plaintiff, his counsel, or anyone acting on their behalf, and statements or invoices for services rendered;

11.  A copy of the deponent's current curriculum vitae;

12.  A copy of any and all articles written by deponent, including but not limited to any and all speeches, articles or presentations, published or not published, authored or co-authored by the deponent, including but not limited to OxyContin: A Cautionary Tale and OxyContin: How Profits Took Priority Over Public Health;

13.  Any and all memoranda or other documents prepared by deponent pursuant to his employment in this case;

14.  Any drawings, graphs, charts, illustrations or plans prepared by deponent in connection with this matter;

15.  Copies of any and all notes, calculations or other data prepared by deponent in formulating his opinions in connection with this case, to include all rough drafts;

16.  Copies of any correspondence (including, but not limited to, e-mail) written by deponent or received from others with whom he has consulted in connection with this case;

17.  A list of all litigation in which deponent has been retained as an expert witness, and indicate for each case whether he was retained by the plaintiff or whether he was retained by the defendant;

18.  An itemized list of time, charges and expenses for services or opinions rendered by deponent in this case, including an itemization for said services performed by any persons employed by him in this case;

19.  All computer programs, both preliminary and final copies, either viewed by deponent, done by him, or done for him; and

20.  Any and all materials, of any nature whatsoever, regarding any services performed by or on behalf of deponent in this case.

"Document" in this notice means (1) every medium upon or within which data or

information can be transmitted, received, permutated, stored or destroyed and (2) that, in fact,

3

contains requested data or information at the time Plaintiff's counsel receives this notice; except that "document," in no event, shall be construed more narrowly than the broadest meaning it has under FRCP 34. Any version of a document may be produced at the deposition which, with complete accuracy, depicts the data or information in or on the version of the document that the deponent keeps in the regular course of his business, provided that the version of the document produced at the deposition is immediately reviewable without the assistance of technology or mechanisms of any sort. For example, if the deponent ordinarily keeps a document in the hard drive of his computer, he *must* appear at the deposition with a paper version of the document, but he need not also bring the hard drive, so long as the paper version depicts, with complete accuracy, the version of the document on the hard drive.

Dated this ⏎ 11ᵗʰ day of November, 2004.

One of the Attorneys for Defendant
Purdue Pharma L.P.

OF COUNSEL:
Harlan I. Prater, IV (PRA004)
Melody Hurdle Eagan (HUR009)
Jacob Michael Tubbs (TUB003)
LIGHTFOOT, FRANKLIN & WHITE, L.L.C.
The Clark Building
400 North 20th Street
Birmingham, Alabama 35203
(205) 581-0700
(205) 581-0799 (fax)

4

## CERTIFICATE OF SERVICE

This is to certify that on this 11th day of November, 2004, a true and correct copy of the foregoing was served on counsel of record by facsimile and by depositing a copy of same in the United States Mail, postage prepaid, properly addressed to

Phillip W. McCallum, Esq.
McCALLUM & METHVIN, P.C.
2201 Arlington Avenue South
Birmingham, Alabama 35205

Tor A. Hoerman, Esq.
SimmonsCooper, LLC
707 Berkshire Blvd.
P.O. Box 521
East Alton, IL 62024

Jayne Conroy, Esq.
Hanly Conroy Bierstein & Sheridan LLP
415 Madison Avenue
New York, NY 10017-1111

_____
Of Counsel

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### WESTERN DIVISION

JERRY BODIE,                              )
                                          )
      Plaintiff,                    )
                                          )
v.                                        )
                                          )    CIVIL ACTION NO.
THE PURDUE PHARMA COMPANY,                )
PURDUE PHARMA L.P., PURDUE                )    CV-02-HS-2838-W
PHARMA INC., PURDUE FREDERICK             )
COMPANY, THE P.F. LABORATORIES,           )
INC., ABBOTT LABORATORIES, ABBOTT         )
LABORATORIES, INC.,                       )
                                          )
      Defendants.                   )

## AMENDED NOTICE OF VIDEOTAPED DEPOSITION OF
## DAVID EGILMAN, M.D., M.P.H.

TO:    Phillip W. McCallum, Esq.
        McCallum & Methvin, P.C.
        2201 Arlington Avenue South
        Birmingham, Alabama 35205

        Tor A. Hoerman, Esq.
        SimmonsCooper, LLC
        707 Berkshire Blvd.
        P.O. Box 521
        East Alton, IL 62024

        Jayne Conroy, Esq.
        Hanly Conroy Bierstein & Sheridan LLP
        415 Madison Avenue
        New York, NY 10017-1111

Please take notice that, pursuant to the Federal Rules of Civil Procedure (FRCP), the

Purdue Defendants will take the videotaped deposition of David Egilman, M.D., M.P.H., who

has been designated by Plaintiff as an expert witness, at Vetter & White, 20 Washington Place,



EXHIBIT

F

Providence, Rhode Island 02903, at a date and time, during the week of December 6, 2004, to be

provided by plaintiff's counsel. Said deposition will be taken before a notary public or other

officer authorized by law to administer oaths. The oral examination will continue from day to

day until its completion. You are invited to attend and participate in the deposition in

accordance with the FRCP.

Plaintiff's counsel is directed to have the deponent bring the following documents with

him to this deposition:

1.   All documents received by the deponent from Plaintiff, his counsel, or anyone acting on their behalf, since the deponent first learned that he might serve as an expert in this civil action;

2.   All documents provided by the deponent to Plaintiff, his counsel, or anyone acting on their behalf, since the deponent first learned that he might serve as an expert in this civil action;

3.   All documents depicting all or any part of a draft or final version of any report which the deponent may have prepared in connection with this civil action;

4.   All documents concerning Plaintiff that the deponent looked at, reviewed, or studied at any time since the deponent first learned that he might serve as an expert in this civil action, including pleadings, discovery, and other papers filed with the Clerk or submitted to the Court in this civil action, records generated by Plaintiff's providers of physical and mental health care, records generated by facilities where Plaintiff has been provided physical and mental health care, and records generated by businesses from which Plaintiff obtained OxyContin® tablets or any other prescription medication;

5.   All documents, other than those described in the immediately preceding paragraph, that the deponent looked at, reviewed, or studied while preparing to offer his expert opinions in this civil action;

6.   All documents setting forth or referring to, in whole or in part, the opinions which the deponent may offer in this civil action;

7.   All documents setting forth or referring to, in whole or in part, the bases and reasons for the opinions which the deponent may offer in this civil action;

2

8.    All documents setting forth or referring to, in whole or in part, data or other information considered by the deponent in forming the opinions which he may offer in this civil action;

9.    All documents constituting, setting forth, or referring to, in whole or in part, exhibits to be used as a summary of or support for the opinions which deponent may offer in this civil action;

10.   The deponent's entire file for this civil action and the work he has been asked or hired to do in connection with this civil action, including time sheets, documents revealing the occurrence of meetings, conversations, or other communications with Plaintiff, his counsel, or anyone acting on their behalf, and statements or invoices for services rendered;

11.   A copy of the deponent's current curriculum vitae;

12.   A copy of any and all articles written by deponent, including but not limited to any and all speeches, articles or presentations, published or not published, authored or co-authored by the deponent, including but not limited to OxyContin: A Cautionary Tale and OxyContin: How Profits Took Priority Over Public Health;

13.   Any and all memoranda or other documents prepared by deponent pursuant to his employment in this case;

14.   Any drawings, graphs, charts, illustrations or plans prepared by deponent in connection with this matter;

15.   Copies of any and all notes, calculations or other data prepared by deponent in formulating his opinions in connection with this case, to include all rough drafts;

16.   Copies of any correspondence (including, but not limited to, e-mail) written by deponent or received from others with whom he has consulted in connection with this case;

17.   A list of all litigation in which deponent has been retained as an expert witness, and indicate for each case whether he was retained by the plaintiff or whether he was retained by the defendant;

18.   An itemized list of time, charges and expenses for services or opinions rendered by deponent in this case, including an itemization for said services performed by any persons employed by him in this case;

19.   All computer programs, both preliminary and final copies, either viewed by deponent, done by him, or done for him; and

20.   Any and all materials, of any nature whatsoever, regarding any services performed by or on behalf of deponent in this case.

3

21.     Any and all information, documents or other materials posted on your or any
        internet website, by you or on your behalf, relating in any way to OxyContin or
        Purdue.

"Document" in this notice means (1) every medium upon or within which data or

information can be transmitted, received, permutated, stored or destroyed and (2) that, in fact,

contains requested data or information at the time Plaintiff's counsel receives this notice; except

that "document," in no event, shall be construed more narrowly than the broadest meaning it has

under FRCP 34. Any version of a document may be produced at the deposition which, with

complete accuracy, depicts the data or information in or on the version of the document that the

deponent keeps in the regular course of his business, provided that the version of the document

produced at the deposition is immediately reviewable without the assistance of technology or

mechanisms of any sort. For example, if the deponent ordinarily keeps a document in the hard

drive of his computer, he *must* appear at the deposition with a paper version of the document, but

he need not also bring the hard drive, so long as the paper version depicts, with complete

accuracy, the version of the document on the hard drive.

Dated this  17th day of November, 2004.

_____
One of the Attorneys for Defendant
Purdue Pharma L.P.

OF COUNSEL:
Harlan I. Prater, IV (PRA004)
Melody Hurdle Eagan (HUR009)
Jacob Michael Tubbs (TUB003)
LIGHTFOOT, FRANKLIN & WHITE, L.L.C.
The Clark Building
400 North 20th Street
Birmingham, Alabama 35203
(205) 581-0700
(205) 581-0799 (fax)

4

## CERTIFICATE OF SERVICE

This is to certify that on this ___17th___ day of November, 2004, a true and correct copy of the foregoing was served on counsel of record by facsimile and by depositing a copy of same in the United States Mail, postage prepaid, properly addressed to

Phillip W. McCallum, Esq.
McCALLUM & METHVIN, P.C.
2201 Arlington Avenue South
Birmingham, Alabama 35205

Tor A. Hoerman, Esq.
SimmonsCooper, LLC
707 Berkshire Blvd.
P.O. Box 521
East Alton, IL 62024

Jayne Conroy, Esq.
Hanly Conroy Bierstein & Sheridan LLP
415 Madison Avenue
New York, NY 10017-1111

_____
Of Counsel

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION**

| | |
|---|---|
| JERRY BODIE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | CIVIL ACTION NO. |
| THE PURDUE PHARMA COMPANY, ) | |
| PURDUE PHARMA L.P., PURDUE ) | CV-02-HS-2838-W |
| PHARMA INC., PURDUE FREDERICK ) | |
| COMPANY, THE P.F. LABORATORIES, ) | |
| INC., ABBOTT LABORATORIES, ABBOTT ) | |
| LABORATORIES, INC., ) | |
| ) | |
| Defendants. ) | |

**AMENDED NOTICE OF VIDEOTAPED DEPOSITION OF
DAVID EGILMAN, M.D., M.P.H.**

TO:    Phillip W. McCallum, Esq.
       McCallum & Methvin, P.C.
       2201 Arlington Avenue South
       Birmingham, Alabama 35205

       Tor A. Hoerman, Esq.
       SimmonsCooper, LLC
       707 Berkshire Blvd.
       P.O. Box 521
       East Alton, IL 62024

       Jayne Conroy, Esq.
       Hanly Conroy Bierstein & Sheridan LLP
       415 Madison Avenue
       New York, NY 10017-1111

Please take notice that, pursuant to the Federal Rules of Civil Procedure (FRCP), the

Purdue Defendants will take the videotaped deposition of David Egilman, M.D., M.P.H., who

has been designated by Plaintiff as an expert witness, at Motley Rice, LLC, 321 South Main,



**EXHIBIT**
G

Providence, Rhode Island 02940, on December 9, 2004 at 9:00 a.m. Said deposition will be
taken before a notary public or other officer authorized by law to administer oaths. The oral
examination will continue from day to day until its completion. You are invited to attend and
participate in the deposition in accordance with the FRCP.

Plaintiff's counsel is directed to have the deponent bring the following documents with
him to this deposition:

1.  All documents received by the deponent from Plaintiff, his counsel, or anyone
    acting on their behalf, since the deponent first learned that he might serve as an
    expert in this civil action;

2.  All documents provided by the deponent to Plaintiff, his counsel, or anyone acting
    on their behalf, since the deponent first learned that he might serve as an expert in
    this civil action;

3.  All documents depicting all or any part of a draft or final version of any report
    which the deponent may have prepared in connection with this civil action;

4.  All documents concerning Plaintiff that the deponent looked at, reviewed, or
    studied at any time since the deponent first learned that he might serve as an
    expert in this civil action, including pleadings, discovery, and other papers filed
    with the Clerk or submitted to the Court in this civil action, records generated by
    Plaintiff's providers of physical and mental health care, records generated by
    facilities where Plaintiff has been provided physical and mental health care, and
    records generated by businesses from which Plaintiff obtained OxyContin®
    tablets or any other prescription medication;

5.  All documents, other than those described in the immediately preceding
    paragraph, that the deponent looked at, reviewed, or studied while preparing to
    offer his expert opinions in this civil action;

6.  All documents setting forth or referring to, in whole or in part, the opinions which
    the deponent may offer in this civil action;

7.  All documents setting forth or referring to, in whole or in part, the bases and
    reasons for the opinions which the deponent may offer in this civil action;

8.      All documents setting forth or referring to, in whole or in part, data or other information considered by the deponent in forming the opinions which he may offer in this civil action;

9.      All documents constituting, setting forth, or referring to, in whole or in part, exhibits to be used as a summary of or support for the opinions which deponent may offer in this civil action;

10.     The deponent's entire file for this civil action and the work he has been asked or hired to do in connection with this civil action, including time sheets, documents revealing the occurrence of meetings, conversations, or other communications with Plaintiff, his counsel, or anyone acting on their behalf, and statements or invoices for services rendered;

11.     A copy of the deponent's current curriculum vitae;

12.     A copy of any and all articles written by deponent, including but not limited to any and all speeches, articles or presentations, published or not published, authored or co-authored by the deponent, including but not limited to OxyContin: A Cautionary Tale and OxyContin: How Profits Took Priority Over Public Health;

13.     Any and all memoranda or other documents prepared by deponent pursuant to his employment in this case;

14.     Any drawings, graphs, charts, illustrations or plans prepared by deponent in connection with this matter;

15.     Copies of any and all notes, calculations or other data prepared by deponent in formulating his opinions in connection with this case, to include all rough drafts;

16.     Copies of any correspondence (including, but not limited to, e-mail) written by deponent or received from others with whom he has consulted in connection with this case;

17.     A list of all litigation in which deponent has been retained as an expert witness, and indicate for each case whether he was retained by the plaintiff or whether he was retained by the defendant;

18.     An itemized list of time, charges and expenses for services or opinions rendered by deponent in this case, including an itemization for said services performed by any persons employed by him in this case;

19.     All computer programs, both preliminary and final copies, either viewed by deponent, done by him, or done for him; and

20.     Any and all materials, of any nature whatsoever, regarding any services performed by or on behalf of deponent in this case.

3

21.     Any and all information, documents or other materials posted on your or any
        internet website, by you or on your behalf, relating in any way to OxyContin or
        Purdue.

"Document" in this notice means (1) every medium upon or within which data or

information can be transmitted, received, permutated, stored or destroyed and (2) that, in fact,

contains requested data or information at the time Plaintiff's counsel receives this notice; except

that "document," in no event, shall be construed more narrowly than the broadest meaning it has

under FRCP 34. Any version of a document may be produced at the deposition which, with

complete accuracy, depicts the data or information in or on the version of the document that the

deponent keeps in the regular course of his business, provided that the version of the document

produced at the deposition is immediately reviewable without the assistance of technology or

mechanisms of any sort. For example, if the deponent ordinarily keeps a document in the hard

drive of his computer, he *must* appear at the deposition with a paper version of the document, but

he need not also bring the hard drive, so long as the paper version depicts, with complete

accuracy, the version of the document on the hard drive.

Dated this $\underline{1^{st}}$ day of December, 2004.

One of the Attorneys for Defendant
Purdue Pharma L.P.

OF COUNSEL:
Harlan I. Prater, IV (PRA004)
Melody Hurdle Eagan (HUR009)
Jacob Michael Tubbs (TUB003)
LIGHTFOOT, FRANKLIN & WHITE, L.L.C.
The Clark Building
400 North 20th Street
Birmingham, Alabama 35203
(205) 581-0700
(205) 581-0799 (fax)

4

## CERTIFICATE OF SERVICE

This is to certify that on this $^{15+}$ day of December, 2004, a true and correct copy of the foregoing was served on counsel of record by facsimile and by depositing a copy of same in the United States Mail, postage prepaid, properly addressed to

Phillip W. McCallum, Esq.
McCALLUM & METHVIN, P.C.
2201 Arlington Avenue South
Birmingham, Alabama 35205

Tor A. Hoerman, Esq.
SimmonsCooper, LLC
707 Berkshire Blvd.
P.O. Box 521
East Alton, IL 62024

Jayne Conroy, Esq.
Hanly Conroy Bierstein & Sheridan LLP
415 Madison Avenue
New York, NY 10017-1111

_____
Of Counsel

5

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION**

| | |
|---|---|
| JERRY BODIE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. |
| | ) |
| THE PURDUE PHARMA COMPANY, et al., | ) CV-02-HS-2838-W |
| | ) |
| Defendants. | ) |
| | ) |

## ORDER

Having considered Purdue's Motion To Compel Production Of Plaintiff Expert Witness

Documents, IT IS HEREBY ORDERED that, within 14 days from the date of this Order, Dr.

David S. Egilman, through Plaintiff's counsel, shall produce to counsel for Defendants The

Purdue Pharma Company, Purdue Pharma, L.P., Purdue Pharma, Inc., and The Purdue Frederick

Company (as of this date, merged with The P.F. Laboratories, Inc.) (collectively "Purdue") any

and all articles authored or co-authored by Plaintiff's expert witness, Dr. David S. Egilman,

including but not limited to drafts of articles, and whether published or unpublished.

Any and all documents or information produced pursuant to this Order shall not be used

or disclosed for any purpose other than the preparation and/or trial of this case and/or appeal

therefrom, and shall in all respects be governed as "Confidential" material, in accordance with by

the terms of the Protective Order entered by this Court on March 2, 2004.

**SO ORDERED,** this ____ day of _____, 2004.

_____

**VIRGINIA EMERSON HOPKINS
DISTRICT JUDGE**

**EXHIBIT**

_H_